JOSEPH MERTL, Plaintiff, *v.* DAPHNE REALTY CORPORATION and Another, Defendants.

City Court of New York, New York County, September 17, 1931.

*Alexander Brown* [*Sydney J. Schwartz* of counsel], for the plaintiff.

*Gordon S. P. Kleeberg* [*Jacob Greenwald* of counsel], for the defendants.

LIPPE, J.   The action is upon a bond in the principal sum of $2,500, made and delivered by defendants to plaintiff guaranteeing the removal of certain violations within sixty days after May 27, 1929.   Plaintiff alleges the violations were not removed until January 2, 1930, and he seeks in this action to recover the loss alleged to have been sustained by him by reason of such delay. His alleged losses are as follows:   (1) Damage sustained by reason of a failure of the buyer under a contract of sale entered into on September 23, 1929, to complete his purchase by reason of the existence of such violations; (2) broker's fees for commissions in securing the said purchaser; (3) a fine imposed by the municipal authorities by reason of the existence of these violations; also counsel fees in connection with the defense of such prosecution; (4) depreciation in value of the property.   Ordinarily the measure of plaintiff's damage in the event the violations were not removed would be the cost of removing same.   This is the proximate and natural loss.   It is not here shown either by averment or by the terms of the bond that defendants had knowledge of any circumstances which would render them liable for the special damages claimed, except that it would seem that a natural consequence of the failure of the defendants to remove the violations as agreed within the time specified may result in a fine.   The motion is, therefore, granted to the extent of striking out such allegations of the claimant as allege damage to plaintiff except those referring to the fine imposed upon plaintiff and the counsel fees paid by him in connection with the imposition of said fine.   Order signed.